**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Civil Action No. 14-cv-4744 |
| CITY OF HARVEY, ILLINOIS and JOSEPH T. LETKE, | ) ) ) | Hon. Amy J. St. Eve |
| Defendants. | ) ) ) ) ) | |

**PLAINTIFF'S RENEWED MOTION FOR ENTRY OF PRELIMINARY INJUNCTION WITHOUT A HEARING AS TO DEFENDANT JOSEPH T. LETKE**

Plaintiff, U.S. Securities and Exchange Commission ("the SEC"), respectfully renews its motion for preliminary injunction without a hearing as to Defendant Joseph T. Letke ("Letke"). In support of this motion, the Commission states as follows:

1. On September 9, the SEC filed its motion for entry of preliminary injunction without a hearing as to Defendant Letke ("September 9 Motion"). *See* Docket Entry 51.

2. The SEC's September 9 Motion noted that on June 24, the SEC filed an emergency motion for temporary restraining order and preliminary injunction, with supporting papers, against Letke and the City of Harvey. *See* Docket Entries 5-6, 8-10. The September 9 Motion further noted that the SEC's written submissions demonstrated a likelihood of success on

the merits of the SEC's claims that the Defendants misused municipal bond proceeds in violation of the federal securities laws and a likelihood of future violations by the Defendants.[1]

3. The September 9 Motion also noted that Letke had neither filed a response to the SEC's motion for preliminary injunction nor filed a witness list for the preliminary injunction hearing by the required deadlines.

4. The September 9 Motion also noted that Letke had advised the SEC, in writing, that Letke would assert his Fifth Amendment right against self-incrimination as to all questions relating to this lawsuit until otherwise advised by an attorney. *See* Ex. A to Docket Entry 51.

5. In the September 9 Motion, the SEC requested that the Court grant the SEC's motion for preliminary injunction as to Letke without a hearing because, based on Letke's failure to file a response to the SEC's motion for a preliminary injunction, his failure to disclose any witnesses he would call at a preliminary injunction hearing, and his assertion of the Fifth Amendment as to all questions relating to this lawsuit, he had indicated that he will not be able to provide any evidence at a hearing to contest the SEC's motion for preliminary injunction. *See In re Aimster Copyright Litig.*, 334 F.3d 643, 653-54 (7th Cir. 2003) (no hearing on preliminary injunction required unless there is an indication that the defendant will introduce evidence at a hearing to weaken the moving party's case) (citing *Ty v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997)); *Promatek Indus., Ltd. v. Equitrac Corp.*, 303 F.3d 808, 814 (7th Cir. 2002) (same).

6. At a September 16 status hearing, the SEC presented the September 9 Motion to the Court, pursuant to its Notice of Motion. Letke appeared at the status hearing and requested an extension of time to file a response to the SEC's motion for preliminary injunction. The

---

[1] The City of Harvey has indicated that it intends to attempt to obtain authority to make an offer to the SEC to settle this case. If the City of Harvey makes a settlement offer, the SEC's Commissioners will decide whether to accept the offer.

2

Court granted Letke's request, provided Letke until September 30 to file a response to the SEC's motion for preliminary injunction, and denied the September 9 Motion without prejudice.

7. Letke did not file a response to the SEC's motion for a preliminary injunction by the September 30 deadline. This is yet another indication that Letke will not be able to provide a defense to the SEC's motion for preliminary injunction at a hearing. Under these circumstances, proceeding with the scheduled December 2 hearing is unnecessary and would waste the resources of the Court, the parties, and non-party witnesses. Accordingly, the SEC renews its motion for entry of a preliminary injunction against Letke without a hearing.

WHEREFORE, the SEC respectfully requests that this Court grant the SEC's motion for a preliminary injunction without a hearing as to Defendant Letke and grant such other and further relief as this Court deems just.

Dated: October 7, 2014            Respectfully submitted,


/s/*Eric M. Phillips*_____
Eric M. Phillips
Eric A. Celauro
Sally J. Hewitt
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, Illinois 60604
(312) 353-7390

*Attorneys for the Plaintiff, the United States Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I, Eric M. Phillips, an attorney, being duly sworn, state on oath that on October 7, 2014, I caused Plaintiff's Renewed Motion for Entry of Preliminary Injunction Without a Hearing As To Defendant Joseph T. Letke and the Notice of Motion to be served upon the following by UPS, overnight delivery, and via email:

Joseph T. Letke (josephletke@yahoo.com)
20515 Abbey Drive
Frankfort, IL 60423

and upon the following counsel by the Court's CM/ECF system:

Tiffany Ferguson, Esq.
Rachel Steiner, Esq.
*Attorneys for Defendant City of Harvey, Illinois*

/s/ Eric M. Phillips_____
Eric M. Phillips