UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, </br></br> Plaintiff, </br></br> vs. </br></br> CITY OF HARVEY, ILLINOIS and JOSEPH T. LETKE, </br></br> Defendants. | Civil Action No. 14-cv-4744 </br> Hon. Amy J. St. Eve |

**ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT JOSEPH LETKE**

This cause coming to be heard on the Motion for Preliminary Injunction filed by Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") against Defendant Joseph T. Letke ("Letke" or "Defendant"), the Court finds as follows:

A. The SEC has filed a complaint alleging that Letke has engaged and is likely to engage in transactions, practices and courses of business that violate Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]. In essence, the SEC alleges that Defendant has engaged in a scheme to divert bond proceeds for improper purposes and to misuse proceeds raised from investors in municipal bonds issued by the City of Harvey. Defendant Letke has failed to answer or otherwise plead to the complaint and is in default.

B.   This Court has jurisdiction over the subject matter of this case and over Letke, and the SEC is a proper party to bring this action seeking the relief sought in the SEC's complaint.

C.   The Court granted the SEC's motion for a temporary restraining order on June 25, 2014. Pursuant to the parties' agreements, the Court has rescheduled the preliminary injunction hearing several times. The SEC continues to work with Defendant the City of Harvey to resolve the case.

D.   On September 9, 2014, Defendant Letke advised the SEC, in writing, that he intended to assert his Fifth Amendment right against self-incrimination to as to all questions relating to this lawsuit unless advised otherwise by an attorney. Based on this assertion, the SEC is entitled to an adverse inference against Letke. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 705 (7th Cir. 2014).

E.   The SEC submitted a detailed Memorandum and supporting Declarations in support of its request for injunction relief. Defendant Letke has failed to respond to the motion for a preliminary injunction. In addition, Defendant Letke has failed to disclose any witnesses whom he intends to call at a preliminary injunction hearing.

F.   The Commission has made a sufficient and proper showing and there is good cause to believe that it will ultimately succeed in establishing that Letke has engaged and is likely to engage in transactions, practices and courses of business that violate the federal securities laws, as alleged in the complaint, including Sections 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act.

G.   There is good cause to believe that there is a likelihood of future violations of the securities laws by Letke.

      H.      There is good cause to believe that unless the use of assets is restricted by Order of this Court, the assets of Letke and the entities he controls that otherwise could have been subject to an order of disgorgement pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] will be dissipated, concealed, or transferred from the jurisdiction of this Court.

      I.      There is good cause to believe that Letke is unfit to continue as a participant in municipal bond offerings.

      J.      Therefore, the SEC's Motion for Preliminary Injunction against is granted as set forth more fully below.

**IT IS THEREFORE ORDERED:**

**I.    ORDER RESTRAINING DEFENDANT LETKE FROM VIOLATING SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934**

Defendant Letke, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

      A.      employing any device, scheme or artifice to defraud;

      B.      making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.     **ORDER RESTRAINING DEFENDANT LETKE FROM VIOLATING SECTION 17(A) OF THE SECURITIES ACT OF 1933**

Defendant Letke, his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, in violation of Section 17(a) of the Securities Act, in the offer or sale of any security, by using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

A.      employing any device, scheme, or artifice to defraud;

B.      obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.      engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.    **ALTERNATIVE MEANS OF SERVICE OF PROCESS**

Notice of this Order, or any other Orders of the Court or notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC, upon the Defendant, or agents thereof.

IV.     **ORDER RESTRAINING DEFENDANT LETKE FROM PARTICIPATING IN MUNICIPAL SESCURITIES OFFERINGS**

4

Defendant Letke, and any of his agents, servants, or employees, and those persons in active concert or participation with any one or more of them, and each of them (including without limitation Alli Financial and Public Funding Group) is restrained and enjoined from participating in any municipal securities offerings.

## V. ASSET RESTRICTION

The duration of the relief entered by the Court on June 25, 2014 [ECF No. 14] with respect to Defendant Letke's bar from any extraordinary expenses beyond reasonable and ordinary living expenses is extended until a final adjudication on the merits of this litigation, unless otherwise ordered by the Court.

## VI. PRELIMINARY INJUNCTION HEARING

The preliminary injunction hearing previously set for December 22, 2014 is stricken.

## VII. OTHER RELIEF

A. This Court shall retain jurisdiction of this matter for all purposes.

B. Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

C. Nothing contained in this Order limits the ability of the SEC to amend its complaint to the extent permissible by the Federal Rules of Civil Procedure and the local rules of this Court.

**VIII.** **DURATION**

This Order shall remain in effect until a final adjudication on the merits of this litigation, unless otherwise ordered by the Court.

**SO ORDERED at 2:30 p.m. this 8th day of December, 2014 by:**

_____
AMY J. ST. EVE
United States District Court Judge