**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION**, | ) ) ) | |
| **Plaintiff**, | ) ) | |
| **vs.** | ) ) | |
| **CITY OF HARVEY, ILLINOIS and JOSEPH T. LETKE,** | ) ) ) | **Civil Action No. 14-cv-4744** **Hon. Amy J. St. Eve** |
| **Defendants.** | ) ) ) ) ) | |

**FINAL JUDGMENT AS TO DEFENDANT JOSEPH T. LETKE**

This cause comes before the Court upon Plaintiff United States Securities and Exchange Commission's ("SEC") Application for Final Judgment by Default as to Defendant Joseph T. Letke. The Court has considered this application, the memorandum of law, declarations, and exhibits filed in support of the application, and having been fully advised in the premises, finds:

1. That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

2. That Defendant Letke was served with the Complaint and Summons when the SEC delivered the Complaint and Summons to an agent authorized by appointment to accept service on Letke's behalf., in accordance with Fed. R. Civ. P. 4;

3. That Defendant Letke failed to answer or otherwise respond to the Complaint;

4. That the Court properly entered default against Defendant Letke, pursuant to Fed. R. Civ. P. 55(a), on October 21, 2014;

5.     That entry of a Final Judgment against Defendant Letke is appropriate under Fed. R. Civ. P. 55(b)(2);

6.     That the injunctive relief and monetary relief Plaintiff seeks against Defendant is adequately supported in fact and law by the evidence and methodology set forth in the application, Plaintiff's memorandum in support of the application, the declaration of SEC Accountant Scott Hlavacek and the exhibits attached thereto, and the Declaration of SEC Attorney Eric Phillips;

7.     That therefore, Plaintiff's application should be, and is, hereby GRANTED, and the following Order issued:

## I.

### Judgment By Default

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to Fed. R. Civ. P. 55(b), judgment by default is hereby entered against Defendant Letke.

IT IS FUTHER ORDERED, ADJUDGED, AND DECREED the Court finds in favor of the Plaintiff on all factual allegations and causes of action asserted by Plaintiff in its Complaint against Defendant Letke.

## II.

### Permanent Injunction Against Violations of Section 17(a) of the Securities Act

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Letke and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], by, in the offer or sale of any security, using any

means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(1)     to employ any device, scheme, or artifice to defraud;

(2)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

### Permanent Injunction Against Violations of
### Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Letke and his agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

**IV.**

**Permanent Injunction Against Participation by Letke in Any Municipal Securities Offerings**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Letke is

permanently restrained and enjoined from, directly or indirectly, participating in any municipal

securities offerings as an adviser or consultant to any participant in such an offering.

**V.**

**Disgorgement, Prejudgment Interest, and Civil Penalty**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Letke is

liable for disgorgement of $164,375, representing ill-gotten gains as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$22,740.23, and a civil penalty in the amount of $30,000.00 pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)], for a total of $217,115.23.  Defendant shall satisfy this obligation by paying

$217,115.23 within 14 days after entry of this Final Judgment by certified check, bank cashier's

check, or United States postal money order payable to the Securities and Exchange Commission.

The payment shall be delivered or mailed to the Office of Financial Management, Securities and

Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be

accompanied by a letter identifying Joseph T. Letke as a defendant in this action; setting forth

the title and civil action number of this action and the name of this Court; and specifying that

payment is made pursuant to this Final Judgment.  Defendant Letke shall pay post-judgment

interest on any delinquent amounts pursuant to 28 USC § 1961.  The SEC shall remit the funds

paid pursuant to this paragraph to the United States Treasury. The SEC may enforce the Court's judgment for disgorgement, prejudgment interest, and civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the SEC, the defendant may assert any legally permissible defense.

## VI.

### Retention of Jurisdiction

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


**SO ORDERED** this 27th day of January, 2015

HON. AMY J. ST. EVE